UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**TRAVIS BLANK,**

   Plaintiff,

v.                                 **No. 4:20-cv-0096-P**

**UNITED STATES OF AMERICA ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

On December 2 and 3, 2021, came on for nonjury trial the above-captioned case. The Court, having heard and considered the testimony, the evidence, and arguments of counsel, makes the following combined findings of facts and conclusions of law and determines:

Pursuant to the Court's Memorandum Opinion and Order signed September 3, 2021, the only issues before the Court are (1) whether the government, through its employees, committed medical malpractice by failing to provide Plaintiff adequate opioid medications for his chronic pain, and (2) whether Plaintiff suffered an injury as a result of being denied his medical mattress, pillow, and medications, and having an appointment cancelled while he was in the special housing unit for his refusal to take ivermectin for scabies. *See* ECF No. 118 at 20.

The parties have agreed that under Texas law, which applies here, Plaintiff bears the burden of proving: (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. ECF No. 136 (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)). They also agreed as to the ultimate issues of fact to be decided as to each issue. *Id.* at 2–3.

As for the first issue, medical malpractice concerning treatment for chronic pain, the following questions must be answered in Plaintiff's favor for him to prevail:

1. As a threshold issue, has Plaintiff established the applicable standard of care through expert testimony with respect to a medical provider caring for an individual pain patient with chronic pain?
2. If so, did Plaintiff establish through expert testimony that employee(s) of the United States breached the standard of care?
3. If so, did Plaintiff establish injury or harm?
4. If so, did Plaintiff establish through an expert that, without the negligence of employee(s) of the United States, the harm would not have occurred, and that the negligence of employee(s) of the United States was a substantial factor in bringing about the harm?

ECF No. 136 at 2.

The Court cannot find that Plaintiff established the applicable standard of care through expert testimony. The Court is not persuaded that Plaintiff's expert was familiar with the standard of care applicable to physicians of ordinary skill, care, and diligence in the Fort Worth community. And his testimony was not persuasive in any event. Even though United States bore no burden, the government's expert was a local anesthesiologist specializing in pain management who is familiar with the local community and standard of care, who established that United States met that standard of care in treatment of Plaintiff.  The Court further finds that Plaintiff failed to establish that, but for the negligence of employees of United States, any harm to him would not have occurred. Rather, the Court is persuaded that any harm occurring to Plaintiff was caused by his own actions in trying to game the system. Plaintiff's testimony throughout the trial was simply incredible. For example, he testified that he never requested to be taken off morphine, when the records of outside treatment providers reflect that Plaintiff told them he wanted to be off morphine. He testified that going off morphine did not relieve his constipation, but he also testified that he suffered diarrhea as a result. In sum, Plaintiff would say whatever benefitted him most at the time, throughout his incarceration and at trial.

As for the second issue, concerning the withholding of medically prescribed medication, mattress, and pillow, and rescheduling of an appointment while Plaintiff was in isolation, the following questions must be answered in Plaintiff's favor for him to prevail:

1. Did employee(s) of the United States deny Plaintiff access to his prescribed medication, pillow, and/or mattress while he was isolated in the SHU?
2. If so, did Plaintiff establish he was harmed by lack of access to his prescribed medication, pillow, and/or mattress for the period of time he went without those items?
3. Concerning Plaintiff's lack of access to his medically prescribed mattress and pillow for thirteen days, did Plaintiff establish he was harmed by a lack of access to his medically prescribed mattress and/or pillow for the period of time he went without those items?
4. Concerning Plaintiff's pain-management appointment on June 23, 2018, which was cancelled and rescheduled for August 13, 2018, did Plaintiff establish he was harmed by the cancellation of this appointment and later rescheduling?

ECF No. 136 at 3.

Again, Plaintiff's testimony regarding this issue was not credible. Nor was the testimony of his expert. The Court is not persuaded that Plaintiff suffered any harm caused by United States from being without his mattress and pillow, missing any medication, or having an appointment rescheduled while in isolation.

Plaintiff was a complex and difficult patient who often second-guessed and refused to follow the recommendations of his medical providers. He was repeatedly seen and treated by employees of the United States and was referred to outside specialists as appropriate. Although Plaintiff disagrees with the treatment he received, he has not shown that he was harmed by any negligent conduct by United States. Rather, as a result of the persistence of his treating physician, Plaintiff received surgery shortly before being released from custody and has been pain free and narcotic free ever since.

For these reasons, the Court therefore **ORDERS** that Plaintiff take nothing on his claims against United States of America and that such claims should be, and are hereby, **DISMISSED with prejudice.**

**SO ORDERED** on this **8th day** of **December, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE